# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | § § § |
| Plaintiff, | § § |
| VS. | §   CIVIL ACTION NO. H-06-1595 |
| JACK RAUS INCORPORATED, *et al.*, | § § § |
| Defendants. | § |

## ORDER

Plaintiff Liberty Mutual Insurance Company has moved for an extension of time to serve its complaint on three defendants whose locations are unknown. Liberty Mutual filed this suit on May 10, 2006 against 13 defendants, seeking a declaratory judgment that it did not owe a defense or indemnity in an underlying state court case. Liberty Mutual attempted to serve all the defendants shortly after filing suit. Service was effected on all but three.

A plaintiff has 120 days from the date the complaint is filed to effectuate service on the defendants. FED. R. CIV. P. 4(m). If service is not made within 120 days, the court must dismiss the action or direct that the plaintiff effect service within a specified time, but if the plaintiff shows good cause for the failure of service, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m); *cf. Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("[T]he plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good

cause."). "If good cause is present, the district court *must* extend time for service. If good cause does not exist, the *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson*, 91 F.3d at 21. To establish good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." *Id.*

Liberty Mutual attempted service on defendant Alliance Masonry, Inc. on May 25, 2006 through its registered agent, Pete Bernordi. Service was unsuccessful because Bernordi no longer owns property at his listed service address. Liberty Mutual has been unable to find his current location. Liberty Mutual attempted service on defendant IDA Masonry Construction, Inc. on May 22, 2006 through one of its directors, Mae Goldstrej. This service was unsuccessful because IDA Masonry is no longer located at the same address. Liberty Mutual twice attempted service on defendant Cornerstone Services, Inc. on May 22, 2006, through its registered agent Dennis F. Hoker. That service failed because Hoker is deceased. Liberty Mutual has been unable to locate a different agent for service.

Liberty Mutual filed affidavits showing its timely attempts to effectuate service and timely moved for an extension of time. Liberty Mutual has shown good cause for the delay in service. Liberty Mutual's motion for extension of time to serve Alliance Masonry, Inc.,

IDA Masonry Construction, Inc., and Cornerstone Services, Inc. is granted.  Liberty Mutual has until November 6, 2006 to file proof of service on these three defendants.

SIGNED on September 28, 2006, at Houston, Texas.

                                              Lee H. Rosenthal
                                   United States District Judge