**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. H-06-1595 |
| § § | |
| JACK RAUS INCORPORATED, *et al.*, § § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

This declaratory judgment suit arises out of an insurance coverage dispute.  Liberty Mutual Insurance Company issued two commercial general liability policies to Jack Raus, Inc. between July 1, 1998 and July 1, 2000.  There are two pending related state-court cases.  Jack Raus, Inc. has been sued in Texas state court for defective workmanship on several construction projects.  *GJR Management Holdings, L.P., et al. v. Jack Raus, Inc.*, Cause No. 2000-39204, in the 157th Judicial District Court of Harris County, Texas.  Jack Raus, Inc. has also sued several of the subcontractors seeking contractual and statutory indemnification.  *Jack Raus, Ltd. f/k/a Jack Raus, Inc. v. Masonry Arts, Inc. et al.*, Cause No. 2005-79739, in the 157th Judicial District Court of Harris County, Texas.  Under the CGL policies, subject to a reservation of rights, Liberty Mutual is providing a defense to Jack Raus, Ltd. and Jack Raus individually in the *GJR Management* case.

On May 10, 2006, Liberty Mutual filed this suit against Jack Raus, Inc., several of the Jack Raus entities, and a number of the subcontractors that worked on the projects at issue in the underlying cases. Liberty Mutual seeks a judgment declaring that under its CGL policies with Jack Raus, Inc., it does not owe a duty of defense or indemnification to any of the Jack Raus entities in the underlying *GJR Management* suit. Liberty Mutual also seeks a declaratory judgment that the subcontractors owe a duty to indemnify the Jack Raus entities based on the subcontracts. Another pending state-court case involves different parties but raises a legal issue critical to some of the issues in this case. In *Lamar Homes, Inc. v. Mid-Continent Casualty Co.*, No. 05-0832 (Tex. October 5, 2005), the Texas Supreme Court is considering issues that will likely determine whether Liberty Mutual owes a duty to defend or indemnify the Jack Raus entities in this case.

This court must determine whether to stay or dismiss this action pending the outcome of the state-court litigation. The subcontractors argue that the outcome of the underlying state-court litigation will be important in determining whether they are required contractually to indemnify Jack Raus, Inc. (Docket Entry No. 5). Liberty Mutual has responded, (Docket Entry No. 24); and the subcontractors have replied, (Docket Entry No. 25).

Based on a careful review of the motion, response, and reply, the pleadings, and the applicable law, this court stays this case pending the outcome of the *Masonry Arts* case in

Harris County, Texas, or the *Lamar Homes* case in the Texas Supreme Court. The reasons for these decisions are set out below.[1]

**I.     The Insurance Coverage Issue**

Liberty Mutual seeks a declaratory judgment that it does not owe a duty to defend or indemnify the Jack Raus entities in the underlying *GJR Management* suit. Liberty Mutual contends that the alleged construction defects that are the subject of this state-court action are not covered under the CGL policies issued to Jack Raus, Inc. An important part of Liberty Mutual's argument is that the construction defects are not "property damage" caused by an "occurrence" covered under the CGL policies.

Whether such claims for defective workmanship are claims for "property damage" caused by an "occurrence" that would trigger an obligation to defend or indemnify has been the subject of much litigation in recent years, in both state and federal courts in Texas. *See, e.g.*, *Jim Johnson Homes, Inc. v. Mid-Continent Cas. Co.*, 244 F. Supp. 2d 706 (N.D. Tex. 2003); *Gehan Homes, Ltd. v. Employers Mut. Cas. Co.*, 146 S.W.3d 833 (Tex. App.—Dallas 2004, pet. filed); *Hartrick v. Great Am. Lloyds Ins. Co.*, 62 S.W.3d 270 (Tex. App.—Houston [1st Dist.] 2001, no pet.). These lawsuits have not had consistent outcomes. On October 3, 2005, the United States Court of Appeals for the Fifth Circuit certified these questions to the Texas Supreme Court. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 428

---

[1] The plaintiffs in the underlying *GJR Management* suit—the owners of the construction sites—have moved to intervene in this suit. (Docket Entry No. 29). Liberty Mutual has responded. (Docket Entry No. 45). That motion need not be decided until the stay is lifted.

F.3d 193 (5th Cir. 2005). Specifically, the Fifth Circuit certified the following questions relevant to this case:

>   (1)   When a homebuyer sues his general contractor for construction defects and alleges only damage to or loss of use of the home itself, do such allegations allege an "accident" or "occurrence" sufficient to trigger the duty to defend or indemnify under a CGL policy?
>
>   (2)   When a homebuyer sues his general contractor for construction defects and alleges only damage to or loss of use of the home itself, do such allegations allege "property damage" sufficient to trigger the duty to defend or indemnify under a CGL policy?

*Id.* at 200–01. The Texas Supreme Court heard oral argument on February 14, 2006. An opinion has not issued. *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, No. 05-0832 (Tex. October 5, 2005).

Because the Texas Supreme Court's decision will determine to a great extent whether Liberty Mutual owes a duty to defend or indemnify the Jack Raus entities, the resolution of those issues is stayed pending the issuance of the *Lamar Homes* opinion.

## II.   The Contractual Indemnity Issue

BR Brick & Masonry, L.P., one of the subcontractors sued in the underlying *Masonry Arts* case, has moved to dismiss the determination of its liability under *Wilton v. Seven Falls Co.*, 575 U.S. 277 (1995), and related cases. At a hearing on September 29, 2006, the other subcontractors joined in this motion. The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A district court has discretion to decline to hear a

declaratory judgment action, but that discretion is not wholly unfettered. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001); *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590 (5th Cir. 1994); *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). In deciding whether to retain or dismiss a federal declaratory judgment action, a district court "must determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). This analysis also applies when a district court is deciding whether to stay a declaratory judgment action. *See Am. Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 250 (5th Cir. 2005).

In *Trejo*, the court outlined seven nonexclusive factors that a district court must consider in exercising its discretion to decide a declaratory judgment action:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

    (6) whether retaining the lawsuit would serve the purposes of judicial economy; and

    (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590–91; *see also Sherwin-Williams Co.*, 343 F.3d at 388 (same); *Vulcan Materials Co.*, 238 F.3d at 390 (same). These "seven *Trejo* factors . . . must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs." *Vulcan Materials Co.*, 238 F.3d at 390. These seven factors address three broad considerations: federalism, fairness/improper forum shopping, and efficiency. *Sherwin-Williams Co.*, 343 F.3d at 390–91.

  Neither justiciability nor authority to decide this declaratory judgment action is at issue. The question is whether this court should exercise its discretion to decide this case or stay pending the outcome of the litigation pending in Harris County, Texas. There is a pending state action in which the issues as to the subcontractors' duties to indemnify can be fully litigated. Liberty Mutual filed this suit after the *Masonry Arts* case had begun, but there is no basis to conclude that Liberty Mutual engaged in impermissible forum-shopping or would receive inequitable benefits from proceeding in federal court. A stay of this federal action pending the resolution of the underlying state-court suit is consistent with judicial economy. The federal district court for the Southern District of Texas is a convenient forum for the parties and witnesses; but it appears that the state court in Harris County, Texas is also a convenient forum.

The *Trejo* factors support a stay of this declaratory judgment action pending the resolution of the underlying state-court litigation. In *Sherwin-Williams*, the Fifth Circuit noted that the *Trejo* factors address three concerns: federalism, fairness, and efficiency. *Sherwin-Williams Co.*, 343 F.3d at 390–91. The federalism concern addresses the "proper allocation of decision-making between state and federal courts." *Id*. at 390. "[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id*. at 390–91. The issues in this case are state-law issues that can and should be decided in the pending in state-court suit.

## III.    Conclusion

The determination of whether Liberty Mutual owes a duty to defend or indemnify the Jack Raus entities under the CGL policies is stayed pending a decision from the Texas Supreme Court in *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, No. 05-0832 (Tex. October 5, 2005). The determination of whether the various subcontractors owe a duty to indemnify the Jack Raus entities under the subcontracts is stayed pending a decision from the Harris County court in *Jack Raus, Ltd. f/k/a Jack Raus, Inc. v. Masonry Arts, Inc. et al.*, Cause No. 2005-79739, in the 157th Judicial District Court of Harris County, Texas.

This case is stayed and administratively closed. The stay may be lifted and the case reinstated to the court's active docket by motion filed within ten days of a decision from the

Texas Supreme Court in *Lamar Homes* or a resolution of the litigation pending in Harris County, Texas.

  SIGNED on February 14, 2007, at Houston, Texas.

           _____
              Lee H. Rosenthal
             United States District Judge